THE PEOPLE, *ex rel.* MARK E. GREEN *et al.*, *v.* J. J. P. DELVECCHIO.

The question upon what terms a party committed for nonpayment of a fine imposed upon him for a contempt may be relieved, is one for the discretion of the tribunal imposing the fine, and is not the subject of an appeal to this court.

So also of the evidence required to establish his inability to comply with the terms of the order imposing the fine.

THE defendant was convicted, at a special term of the Supreme Court, of a contempt in disobeying a subpœna by

The People *v.* Delvecchio.

which he was required to give testimony in behalf of the complainants, in proceedings supplementary to execution upon a judgment which they had recovered against one Judah; by which contempt, as it was considered, the rights of the plaintiffs in the judgment had been defeated or impaired; and a fine was imposed upon him therefor of $730.30, and he was ordered to stand committed until it should be paid. This order was made on the 13th of October, 1855. On the thirteenth of February following, the counsel for both parties, namely, for the complainants and the present defendant, appeared before the same justice at a special term, pursuant to an order to show cause, when the order imposing the fine was modified by a direction that the defendant should be discharged from imprisonment on the payment of $70 and the sheriff's fees. This order having been affirmed, on appeal, at the general term, the complainants appealed here.

*William Tracy,* for the appellants.

*George W. Stevens,* for the respondent.

By the Court, DENIO, J. The twentieth section of the title of the Revised Statutes, which relates to contempts, &c., as amended in 1843 (2 *R. S.,* 771, 4*th ed.; Laws of* 1843, *p.* 8), authorizes the court or magistrate which shall impose a fine for contempt in cases like the present, " in their discretion (in case of inability to perform the requirements imposed), to relieve the person or persons so imprisoned in such manner and upon such terms as they shall deem just and proper." I am of opinion that this statute commits to the tribunals referred to a discretion which is not subject to review in this court. No jurisdiction can be more purely discretionary than that of determining, in a given case, whether a party imprisoned for contemning the process of a court, can, consistently with the interests of justice, and

ought, from dictates of humanity, to be relieved from the punishment, and of deciding upon the terms of such relief where it is granted. Such cases always present questions upon which men may differ widely in opinion, and there is no rule of law by which their respective judgments can be compared and tested. This court has often decided that it cannot entertain an appeal in this class of cases. ( *Wakeman* v. *Price,* 3 *Comst.,* 334, *and cases there cited.* )

It is argued by the appellants' counsel that there was a defect of evidence to show that the defendant, in this case, was unable to pay the fine. It was for the judge at special term to decide as to the evidence he would require, and we can no more review his decision upon that point than upon the terms he should impose. The fact that the defendant had been for some time in prison afforded some presumption that he had not the means to pay the whole amount in which he was amerced. Besides, the parties were heard before the judge by their counsel, and it is impossible for us to say what admissions or concessions of matters of fact were expressly or impliedly made by them upon the point of the defendant's ability to pay the fine.

The court is, therefore, clearly of opinion that the order is not the subject of a review here, and that the appeal should be dismissed.

STRONG, J., expressed no opinion; all the other judges concurring.

Appeal dismissed.